UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILFRED E. BANKS, | ) |
| Plaintiff, | ) |
| | ) Cause No.: 1:25-CV-329-HAB-SLC |
| v. | ) |
| KRISTIN L. DURIANSKI, et al. | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Pro se Plaintiff, Wilfred E. Banks, initiated this action against an attorney, her law firm, the State of Indiana, the Indiana Bar Association and an Allen County Superior Court Judge all relating to a state court foreclosure proceeding. (ECF No. 1). Plaintiff, whose complaint adopts language typical of the sovereign citizen movement, seeks the deed to his home, 18 years of payments plus interest and 50 million dollars to account for his pain and emotional distress. He also filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a Request for a Settlement Hearing (ECF No. 3).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less

than 150 percent of the income official poverty line. . ..." 28 U.S.C. § 1930(f)(1); *cf.* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2024). Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's in forma pauperis petition shows that he meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Plaintiff's complaint raises allegations against Defendants with respect to a state foreclosure action. The Court takes judicial notice of an ongoing foreclosure action in the Allen Superior Court captioned *Deutsche Bank National Trust Company v. Wilfred E. Banks, et al.*, 02D03-2505-MF-000215. The complaint references the Truth in Lending Act and the Fair Debt Collection Practices Act and lodges numerous complaints about the parties, lawyers and judge in that action, none of which this Court may presently adjudicate.

First, plaintiff is attempting to sue individuals that are immune from suit, for instance, the Allen Superior Court Judge, s*ee Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012) (providing that judges cannot be sued when acting in their official roles) or that are protected by sovereign immunity, for instance, the state of Indiana, see *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) ("The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment."). Thus, any claims against the judge or the state of Indiana must be dismissed.

Second, this Court must abstain from hearing this case on the basis of *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Exercising *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Id.* It is proper where federal civil proceedings implicate a state's interest in enforcing orders and judgments of its courts. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Further, it is proper "only when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *Ewell*, 853 F.3d at 916. (internal citations omitted).

Here, the state proceeding involves important state issues regarding real estate within its borders and the enforcement of loan contracts made by banks within the state with citizens of the state. The Plaintiff can raise the propriety of foreclosure in light of the federal statutes he mentions in this complaint as a defense to the foreclosure. And finally, the Court sees no exceptional circumstances that would justify this Court's effectively calling a halt to the state foreclosure proceeding. For these reasons, the Court:

(1) DENIES Plaintiff's request to proceed in forma pauperis (ECF No. 2); and

(2) ABSTAINS from hearing this case under the *Younger* Abstention doctrine and DISMISSES the Complaint

SO ORDERED on July 2, 2025.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT