UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILFRED E BANKS, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-329-HAB-SLC |
| KRISTIN L DURIANSKI, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Wilfred E. Banks, proceeding pro se, filed this case against Defendants Kristin L. Durianski, Codilias Law, Jennefer Degoote, the State of Indiana, and the Indiana Bar Association on June 23, 2025. (ECF No. 1). On July 2, 2025, this Court issued an opinion and order in which it abstained from hearing the case under the *Younger* abstention doctrine and dismissed the complaint. (ECF No. 4). In that opinion, the Court explained that (1) Banks was attempting to sue individuals immune from suit, and (2) *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) required the Court to abstain from hearing the case because the case implicated important ongoing state foreclosure proceedings and there were no exceptional circumstances to justify the Court's calling a halt to those state proceedings. Op. & Order at 3.

Banks has filed a motion to reopen the case. (ECF No. 7). In the motion, he fails to cite any rule of procedure as authority for why reopening is merited. A party may move the Court to reopen a case under Federal Rules of Civil Procedure 59 or 60. Rule 59(e) authorizes a court to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Under Rule 60(a), a court may correct a clerical mistake in a judgment, and under Rule 60(b), a

court may relieve a party from a final judgment for a number of exceptional reasons. Fed. R. Civ. P. 60.

Banks does not explain how he meets any of the requirements under either rule. As far as the Court can tell, his motion identifies no clerical error, presents no newly discovered evidence, and makes no argument as to a manifest error of law or fact. He fails to explain why his case is not barred by immunity doctrines or why the Court should not abstain under *Younger*. Banks states no plausible basis for reopening judgment, and the Court sees none. *See Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties.").

The motion to reopen (ECF No. 7) is DENIED.

**SO ORDERED** this 23rd day of September 2025.

                                         s/ Holly A. Brady
                                         CHIEF JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT